UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE C. GALEROS<br>      Plaintiff,<br><br>v.<br><br>NORTHSTAR LOCATION SERVICES, LLC.,<br>      Defendant, | Civil Action No. |

## COMPLAINT AND JURY DEMAND

Plaintiff Julie C. Galeros brings suit to recover damages due to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").and M.G.L. c. 93A, § 2, in attempting to collect an alleged consumer debt.

### Parties

1. Plaintiff Julie C. Galeros is an individual who resides in Natick, Middlesex County, Massachusetts.

2. Defendant Northstar Location Services, LLC., is a limited liability company organized under the laws of the State of New York with a principal place of business at 4285 Genesee Street, Cheektowaga, New York, 14225.

### Statement of Facts

3. At all times relevant to this complaint Defendant was a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a and the Massachusetts Debt Collection Practices Act, M.G.L. c. 93, § 24, because: (a) it used the mails, telephone lines, and other instrumentalities of interstate commerce in a business the principal purpose of which was the

collection of consumer debts; and (b) it regularly collected and attempted to collect, directly or indirectly, consumer debts due or owed or asserted to be due or owed to another. As used in this complaint, the term "consumer debt" means a financial obligation incurred primarily for personal, household, or family purposes.

4. Defendant placed telephone calls to Plaintiff regarding an alleged consumer debt on March 4, 2020; March 12, 2020, and March 13, 2020, each time leaving a voicemail message. Defendant also placed a second call to Plaintiff on March 12, 2020, but did not leave a message.

5. Beginning on or about May 10, 2020, and continuing for approximately one week, Defendant placed telephone calls to Plaintiff at least once per day. When Plaintiff did not promptly answer the calls, Defendant terminated the calls without leaving a message.

6. On March 4, 2020, Defendant called Plaintiff's sister, who answered the call. Defendant's employee identified Defendant and said he was looking for Plaintiff. The employee also provided his phone number and asked that Plaintiff be requested to return the call.

7. On March 4, March 12, and March 13, 2020, Defendant called Plaintiff's husband and left messages identifying Defendant and specifying Defendant was a debt collector.

8. On March 4, 2020, Defendant called Plaintiff's mother, who answered the call. Defendant's employee identified Defendant and said he was looking for Plaintiff. The caller asked Plaintiff's mother to provide his number to Plaintiff and ask Plaintiff to return the call.

9. On March 12, 2020, Defendant again called Plaintiff's mother, who again answered the call. The caller identified Defendant and stated he was looking for Plaintiff. Plaintiff's mother stated that Plaintiff did not live with her and that Defendant should stop calling because it was illegal. The caller defended his conduct and stated that he would continue calling Plaintiff's mother and other members of Plaintiff's family.

10. On March 17, 2020, Defendant called Plaintiff's brother, leaving a message that he was a debt collector. Plaintiff's brother returned the call, and the person answering said he was looking for Plaintiff. He asked Plaintiff's brother to have Plaintiff call Defendant.

11. On March 18, 2020, Defendant called Plaintiff's father, identifying Defendant and indicating Defendant was a debt collector. Plaintiff's father returned the call. Defendant asked Plaintiff's father to have Plaintiff contact Defendant.

12. To date Plaintiff has not received any written communication of any kind from Defendant regarding the alleged debt.

13. The above-described calls to Plaintiff were intrusions on her privacy and peace of mind. In addition, Defendant's calls to family members caused Plaintiff to be suffer embarrassment and severe emotional distress and mental anguish, resulting in headaches, indigestion, and loss of sleep.

### COUNT I: Violations of the FDCPA

14. Plaintiff repeats and incorporates herein all preceding allegations.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is an individual and was alleged to owe a consumer debt.

16. Defendant violated the following provisions of the FDCPA: (i) § 1692c(b), by communicating with third parties without Plaintiff's consent; (ii) § 1692d(5), by placing telephone calls to Plaintiff repeatedly with the intent to annoy, abuse, or harass Plaintiff; and (iii) § 1692g(a), by failing to timely send Plaintiff the required written notice set forth in said section.

17. As direct and proximate results of Defendant's violations of the FDCPA, Plaintiff suffered harm as alleged herein. Plaintiff also suffered harm by not being adequately and timely

informed in writing of the amount of the alleged debt, the name of the creditor to whom the alleged debt was owed, and her rights to dispute and request validation of the alleged debt.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:

(a) Awarding her actual damages;

(b) Awarding her statutory damages;

(c) Awarding interest, costs, and reasonable attorney's fees;

(d) Awarding such further relief as shall be just and proper.

### COUNT II: Violations of M.G.L. c. 93A

18. Plaintiff repeats and incorporates herein all preceding allegations.

19. At all relevant times, Defendant was engaged in trade or commerce in Massachusetts.

20. The above-described misconduct of Defendant constituted unfair and/or deceptive acts and practices in violation of M.G.L. c. 93A, § 2.

21. The above-referenced violations of the FDCPA constituted *per se* violations of M.G.L. c. 93A, § 2.

22. Defendant initiated more than two communications to Plaintiff in seven-day periods, thereby violating violated 940 CMR 7.04 (f) and M.G.L. c. 93A, § 2.

23. Defendant's violations of M.G.L. c. 93A, § 2, were knowing or willful in nature.

24. As a result of Defendants' violations of M.G.L. c. 93A, § 2. Plaintiff suffered harm as alleged herein.

25. Plaintiff is entitled to assert this claim without serving a pre-suit demand letter pursuant to M.G.L. c. 93A, § 9, since Defendant does not have assets or maintain a place of business in Massachusetts.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:

(a) Awarding her actual damages or $25.00, whichever is greater;

(b) Doubling or trebling all actual damages awarded;

(c) Awarding interest, costs, and reasonable attorney's fees;

(d) Awarding such further relief as shall be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
**JULIE C. GALEROS**

By her attorney:

*/s/ Kenneth D. Quat*
Kenneth D. Quat (BBO #408640)
QUAT LAW OFFICES
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com